# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

FISHER BROWN BOTTRELL §
INSURANCE, INC. §
§
    Plaintiff/Counter-Defendant, §
§
vs. §
§
PARKER M. RAINS AND EDGEWOOD §
PARTNERS INSURANCE CENTER d/b/a §
EPIC INSURANCE BROKERS AND §
CONSULTANTS, §
§
    Defendants/Counter-Plaintiff §

Case No.: 3:22-cv-00952

## AGREED PROTECTIVE ORDER

BEFORE THE COURT for consideration is the parties' Agreed Protective Order. The court finds that the parties' ability to prosecute this action will not be unreasonably limited by the entry of this Protective Order.

Therefore, it is hereby ORDERED:

1. All material produced or exchanged in the course of this litigation, whether designated as confidential or not, shall be used solely for the purpose of this litigation, or any related litigation between the parties.

2. Confidential treatment may be claimed for documents, depositions, and other discovery materials, and any portions or summaries of such material (the entire class of matters described shall be hereafter referred to generically as "confidential material") that are in good faith considered by the claiming party or an individual as confidential, including but not limited to trade secrets, proprietary business information, financial information which is not otherwise public, as well as information regarding employees or former employees of either party (or related

entities), including but not limited to personnel files, performance information, disciplinary information, payroll information, benefit information, medical information, leave information, or any other information that would cause unreasonable annoyance, embarrassment, or oppression. The supplying party will designate documents and information it considers to be confidential, and shall do so in good faith. If any party objects to another's designation of items produced in the course of discovery as confidential, the objecting party shall give counsel for the party making the designation written notice of such objection, stating the reason(s) for the objection. The designating party shall respond in writing within ten (10) working days of its receipt. If the parties cannot resolve their dispute, the objecting party may, upon not less than five (5) working days' notice to the designating party, apply to the Court for a ruling on whether the materials shall continue to be treated as confidential under the terms of this Protective Order.

3. The parties may, in appropriate circumstances, designate materials as "confidential – attorneys' eyes only." Any materials produced with such a designation are to be disseminated and/or reviewed only by the receiving party's counsel or their staff. Any objection by a non-designating party to the designation of materials as being "attorneys' eyes only" shall be subject to the same protocol established herein for ordinary confidential materials.

4. Nothing herein prevents a party from using confidential information or confidential – attorneys' eyes only information in a deposition or during a court hearing in this matter.

5. Except as provided in paragraph 6, documents and information designated as confidential by a party shall be disclosed only to counsel of record, any associate or related counsel, their clerical personnel, paralegals, experts, consultants, and investigators employed by them, as well as the parties, in connection with this litigation.

6. Confidential documents and information may also be disclosed to any other

person(s) whose assistance is required by counsel in conducting this litigation. Counsel disclosing such information under paragraph 5 or 6 shall first inform the person that the information being disclosed is subject to this Protective Order, and shall require the person to read this Protective Order in its entirety. The party disclosing the information shall specifically inform the person to whom disclosure is being made that failure to abide by this Protective Order could result in the imposition of sanctions by the court.

7. The party shall disclose confidential information, as described, only in the good faith belief that such disclosure is necessary in conducting this litigation. Should the supplying party be notified that an unauthorized person has reviewed the disclosed confidential material, the supplying party shall be permitted to request appropriate action from the court, as provided in paragraph 10 herein. Counsel shall attempt, in good faith, to resolve any disputes regarding the propriety nature and terms of disclosure on an informal basis. In the event disputes cannot be resolved, counsel for the party claiming confidentiality shall have the right to make a motion, on shortened time, for a Protective Order barring such disclosures.

8. Should counsel for any party desire to file any confidential document or documents, or any portion thereof, with the court during the course of pretrial proceedings, counsel shall, prior to such filing, notify the party claiming confidentiality of the identity of the document or documents to be filed. To aid in filing, the filing party may, but need not, request a change in the designation of any information designated "confidential" and/or "confidential – attorneys' eyes only." Any such document shall be treated as designated until a change is agreed upon, and a party who wishes to file a designated document it believes meets the requirements for sealing under the Local Rules for the Middle District of Tennessee and other applicable law should file a motion with the Court seeking leave to file under seal. Such notification shall be

given within a reasonable time prior to filing of the confidential document or documents with the court, but in any event not later than noon of the day of filing. Counsel for the parties shall exercise all reasonable care not to needlessly disclose such confidential information in this proceeding.

9. Procedures for the protection of confidential matters for trial shall be arrived at separately by the parties in advance of trial.

10. Confidential treatment may be claimed for the confidential material described above and by:

   a. In the case of documents produced at deposition, stating on the record a description of the documents, including exhibit number and identification number, if any.

   b. In the case of other documents, stamping "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document or by placing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the file name of any files produced in native format. Such designation shall be accomplished prior to the production of documents to the opposing party.

   c. In the case of depositions, by designation of the deposition, or the appropriate portion of the deposition, as confidential, such designation to be done by counsel on the record. The parties shall also have twenty days after receipt of a deposition transcript to designate portions of the transcript or exhibits as confidential.

   d. In the case of summaries, excerpts, or exhibits prepared from confidential material, the party preparing the same shall be responsible for maintaining the confidentiality of the information.

11. The inadvertent or unintentional disclosure of confidential documents by counsel

or other person(s) shall not be grounds for the imposition of sanctions under this Protective Order. However, if a person is found to have intentionally disclosed confidential material protected by this Order, or if a disclosure results from other culpable conduct, the parties agree that sanctions may be imposed upon that person, based on proper proof of such conduct and in the discretion of the court. The parties further agree that, in addition to requesting sanctions, the party asserting confidentiality may request injunctive relief preventing the further dissemination of the confidential material, regardless of the nature of the initial disclosure, whether intentional, inadvertent, or otherwise. Upon discovery of the inadvertent or unintentional disclosure of confidential document(s) or information, counsel shall immediately notify counsel representing the party whose document(s) and information were disclosed. Such notice shall describe with particularity the document(s) or information disclosed and the name, title, and address of the person(s) to whom disclosure was made.

12. The inadvertent or unintentional disclosure by the supplying party of confidential materials, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter.

13. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 7 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

14. The Parties agree that the failure to object to a designation of a document or other discovery as Confidential or Attorneys' Eyes Only shall not be deemed a legal admission as to the substance of the document or other discovery, including but not limited to whether such material constitutes a trade secret under any applicable federal or state law.

15. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to their client with respect to this litigation, and, in the course thereof, relying in a general way upon their examination of confidential material produced or exchanged herein.

16. In the event that a party to this Protective Order is served with a subpoena or order from any court or administrative agency seeking documents protected under this Protective Order, the party receiving the subpoena shall notify the other party within three (3) calendar days. If the other party moves to quash the subpoena, or to otherwise protect the disclosure of documents produced under this Protective Order, the subpoenaed party shall use their best efforts to cooperate with any such efforts. Both parties further agree that they shall not encourage or solicit any person, agency, or entity to cause a subpoena to be issued that requests documents governed by this Protective Order. Subject to the conditions set forth in this paragraph, nothing in this Protective Order shall prohibit a party from complying with a lawfully issued subpoena or order from a duly authorized court or administrative agency.

17. In the event this litigation is concluded by any means, including settlement, dismissal, or final judgment not subject to appeal, the provisions of this Protective Order will remain in effect in perpetuity. If requested by the supplying party, all confidential material during the course of litigation, produced, supplied or exchanged by it, shall be promptly returned or destroyed at the requesting party's expense within thirty (30) days of the court's final order.

IT IS SO ORDERED.

_____
Hon. Aleta A. Trauger

APPROVED & ENTRY REQUESTED:

By: /s/ *Sean J. Quinn*

Leslie Goff Sanders
BARTON PLLC
1033 Demonbreun Street, Suite 300
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com

Steven D. Pearson (Admitted PHV)
IL Bar No. 6190506
Sean J. Quinn (Admitted PHV)
IL Bar No. 6331673
Patrick Frye (Admitted PHV)
IL Bar. No. 6282907
Smith Gabrell & Russell LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6000
sdpearson@sgrlaw.com
squinn@sgrlaw.com
pfrye@sgrlaw.com

**On behalf of DEFENDANTS**

By: */s/ William F. Ray*
William F. Ray
Katherine K. Smith
Stephanie M. Rippee
WATKINS & EAGER, PLLC
P.O. Box 650
400 East Capitol Street, Suite 300
Jackson, MS 39205-0650
wray@watkinseager.com
ksmith@watkinseager.com
srippee@watkinseager.com

**On behalf of PLAINTIFF**